## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 19-CR-00009-GKF** |
| v. | ) | |
| | ) | |
| HONGJIN TAN, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR GENERAL PROTECTIVE ORDER

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Joel-lyn A. McCormick, Assistant United States Attorney, moves the Court to enter a General Protective Order for all discovery and investigative materials.   In support, the government states as follows:

1.      The undersigned Assistant United States Attorney has consulted with defense counsel, Ryan Ray, and he objects to the government's motion.

2.      On January 16, 2019, a federal Grand Jury returned an Indictment alleging crimes involving purported Trade Secret Information (TSI) owned by Company A.   (Dkt. #18).

3.      To protect Company A and their proprietary interests, the government is taking steps to ensure materials classified by Company A as TSI are clearly designated. In our preparation of discovery, we are working with Company A to identify and segregate items classified by Company A as TSI.   The government's reliance on Company A to

identify TSI materials is necessary because Company A is in the best position to determine

what Company A considers to be TSI.   A definition provided by Judge Posner:

> "A trade secret is really just a piece of information (such as a customer list, or a method of production, or a secret formula for a soft drink) that the holder tries to keep secret by executing confidentiality agreements with employees and others and by hiding the information from outsiders by means of fences, safes, encryption, and other means of concealment, so that the only way the secret can be unmasked is by a breach of contract or a tort."  *ConFold Pac. v. Polaris Indus.*, 433 F.3d 952, 959 (7th Cir. 2006) (Posner, J.) (citations omitted).

4.      The government's initial discovery will include non-TSI.

5.      However, out of precaution, the government seeks a General Discovery

Protective Order that: (1) recognizes the possibility TSI documents might inadvertently be

included in the initial production; and (2) sets forth the procedures to be followed should

such inadvertent disclosures be identified.

6.      The government anticipates seeking a separate Trade-Secret-Specific

Protective Order pursuant to 18 U.S.C. § 1835 to cover items containing TSI.

7.      Accordingly, the government requests that the Court order the parties to

comply with the procedure as follows, should they learn the government has inadvertently

produced TSI:

a.      The party identifying the inadvertent disclosure of TSI shall

immediately notify the opposing party; and

b.      Upon such notification, defense counsel shall immediately (1) destroy

all copies of such information, and (2) notify the government whether the information has

been provided to any third parties, identify any such third parties to the government, and

instruct any such third parties to destroy their copies of the information.  The government shall then re-produce such information to defense counsel pursuant to the Trade Secret Specific Protective Order, unless otherwise authorized by the Court.

8.     Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.  *Alderman v. United States*, 394 U.S. 165, 185 (1969).

WHEREFORE, the United States respectfully requests that the Court enter a General Protective Order for all documents provided to the defendant including, but not limited to, grand jury transcripts, written reports, and other documents which may inadvertently include TSI requiring the parties to comply as set forth above.

R. TRENT SHORES
UNITED STATES ATTORNEY


By     */s/ Joel-lyn A. McCormick*
Joel-lyn A. McCormick, OBA #18240
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, OK 74119-1013
918/382-2700

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ryan A. Ray, Esq.
Rar@nwcjlaw.com
Attorney for Defendant

/s/ Joel-lyn A. McCormick
Joel-lyn A. McCormick
Assistant United States Attorney