# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| **Plaintiff**, | ) |
| v. | ) Case No.   19-CR-00009-GKF |
| | ) |
| **HONGJIN TAN,** | ) |
| | ) |
| **Defendant.** | ) |

## GOVERNMENT'S MOTION FOR
## TRADE SECRET PROTECTIVE ORDER

Comes now the United States, by and through, Joel-lyn McCormick, Assistant United States Attorney, and hereby requests a Trade Secret Protective Order pursuant to 18 U.S.C. § 1835, and Federal Rule of Criminal Procedure 16(d):

1.    The undersigned Assistant United States Attorney has consulted with defense counsel, Ryan Ray, in reference to the government's Motion for General Protective Order (Dkt. #29), and Mr. Ray advised that the defense disputes that this case involves Trade Secret Information and wishes to be heard on that issue.  To the extent the defense maintains the referenced position, the government would note the defendant's objection to this Motion for Trade Secret Protective Order.

2.    The government has in its possession discovery materials belonging to or obtained from Company A (as defined in the Indictment).  As used in the requested Protective Order, "Trade Secret Information" would include all materials belonging to or obtained from Company A that contain, are alleged to contain, or may contain, trade secrets

or confidential or proprietary business information. This designation shall apply to these materials regardless of how they were obtained by the government.

3. The government seeks the Court's issuance of a Trade Secret Protective Order to limit and control circulation of Trade Secret Information (TSI).

4. For purposes of this motion, the government acknowledges that a designation of documents or information as TSI shall have no evidentiary effect and Defendant reserves the right to dispute that designation at trial or on appeal.

5. The government will designate the documents or other materials as TSI in its production of discovery materials to the defense. Since the proposed order is primarily intended to facilitate the production of discovery materials, the government reserves the right to change the designation of materials from non-TSI to TSI by notifying the defense in writing. Any re-designated materials must be treated in accordance with the terms of this protective order

6. The government requests the Court issue an order directing defense counsel and their office staff, including paralegals, legal assistants, investigators, and secretaries, (collectively "the defense") and Defendant maintain TSI discovery materials, including any copies the defense makes, as follows:

    a. The defense and Defendant use TSI discovery materials solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any commercial or other purpose.

    b.    Any copy of the discovery materials be maintained by the defense at their law firm in a secure location and on one or more computers that are not connected to the Internet at any time after the materials are received. TSI discovery materials shall not be copied except as necessary for the preparation of the defense.

    c.    A copy of this protective order be kept with the copies of the TSI discovery materials at all times.

    d.    Under no circumstances shall the discovery materials be transported or sent outside the United States without prior court approval.

    e.    The only persons able to view or access the discovery materials be limited to defense, Defendant, and any experts designated by the defense (as detailed below). Defendant be allowed access and view the discovery materials solely in the presence of counsel and under direct supervision and control of counsel. Defendant may not take notes or have copies of TSI discovery.

    f.    Persons viewing the discovery materials not have any access until each have certified in writing that they have read, understand, and agree to the terms of the Court's Trade Secret Protective Order and manifested their assent to be bound by the order, and subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of the Trade Secret Protective Order.

  g. The defense or Defendant refrain from disclosing or describing any of the TSI discovery materials to any other person or entity other than the government or this Court.  Should the parties need to disclose or describe any of the discovery materials to this Court, it shall do so under seal.  Should the defense or Defendant need to disclose or describe any of the discovery materials to any other court or during any other legal proceedings, it shall do so only with notice to the government and after gaining permission from this Court.

  h. The defense and Defendant may describe or provide copies of the discovery materials to any expert retained by them, whether testifying or non-testifying, but only if:

    (i) The defense and Defendant first disclose the expert's identity and resume to the government, at least, 14 days before disclosure.  If the government objects to the disclosure during this 14-day period, it may file such objection with the Court.  The defense and Defendant shall not disclose or describe the substance of the discovery materials to the identified expert until this Court rules on the objections and the defense' response.

    (ii) The defense and Defendant shall not be permitted to retain an expert who is a former or current employee, consultant, officer, proprietor, director, agent, or owner of any competitor of

4

> Company A absent extraordinary good cause shown. Such a former or current relationship shall otherwise constitute an appropriate ground for objection to the disclosure. Moreover, any expert retained by the defense or Defendant must agree to not work as a consultant, employee, officer, owner, or agent of a competitor to Company A for five years following the cessation of this prosecution at the trial court level.

(iii) Before obtaining any discovery materials, the expert shall be required to sign a copy of the Acknowledgment of the Trade Secret Protected Order, and by doing so, agrees (a) to maintain the discovery materials in accordance with the procedures ordered by the Court as if they were members of the defense; (b) to review and use the discovery materials solely for the purposes of assisting the defense in this case, and not for any commercial or other purpose; and (c) to be subject to the jurisdiction of this Court for purposes of enforcing the Protective Order and sanctioning any violations thereof. The expert's Acknowledgement shall be filed with the Court under seal.

(iv) The procedures outlined above also govern the expert's use, maintenance, disclosure, and safekeeping of the evidence, except that the expert may review the discovery materials at their offices, but only under the same secure conditions

provided above. After any review, the expert shall return to defense counsel the discovery materials to be maintained securely under the conditions provided above.

7. The government requests that defense counsel keep an up-to-date list or log of all counsel, staff, experts, and agents who have accessed TSI information or had it described to them.

8. The government further requests that defense counsel be required to promptly notify the government and this Court if any discovery materials are disclosed to anyone not specifically designated in the Court's Trade Secret Protective Order or any other Order of the Court, either intentionally or unintentionally. If such unapproved disclosure occurs, the defense must immediately use its best efforts to retrieve all unauthorized copies of the discovery materials; inform the recipients of the terms of this Order; and request the recipient to execute the Acknowledgment of the Trade Secret Protected Order.

9. The government further requests at the end of these proceedings, the defense, and any defense experts return all of the discovery materials and any copies to the government, except as directed by the Court.

10. The government further requests that violation of the Court's Trade Secret Protective Order be punishable by contempt of court, whatever other sanction the Court deems just, and/or any other sanctions which are legally available.

11. The government seeks this Trade Secret Protective Order to govern pretrial discovery and it is contemplated that an additional protective order will be sought to cover

disclosure issues during any trial.  The government asks the Court to direct that any pre-trial court filings containing TSI materials (or descriptions of the information contained in those materials) be filed under seal, with the TSI (or descriptions thereof) clearly identified as such.  The government asks the Court to order that any portions of transcripts of proceedings in which TSI is discussed also be sealed and access restricted to persons who are subject to the Protective Order.

      WHEREFORE, the United States respectfully requests this Court grant its Motion for Trade Secret Protective Order.

      Respectfully Submitted,

R. TRENT SHORES
United States Attorney
Northern District of Oklahoma

JOEL-LYN A. McCORMICK, OBA#18240
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK   74119-1029
(918) 382-2700

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of February, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ryan A. Ray, Esq.
Rar@nwcjlaw.com
Attorney for Defendant

                                    */s/ Joel-lyn A. McCormick*
                                    Joel-lyn A. McCormick
                                    Assistant United States Attorney