IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CR-09-GKF |
| ) | |
| HONGJIN TAN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR GENERAL PROTECTIVE ORDER

Defendant, Hongjin Tan, respectfully submits the following response to the Government's Motion for General Protective Order (Dkt. # 29) (the "Motion").

1. Despite being in custody for two months, and despite serving a FED. R. CRIM. P. 16 discovery request almost one month ago, **_Mr. Tan and his counsel have not received one page of discovery from the Government in any medium_**.

2. In the Motion, the Government seeks a protective order to apply to everything in this case that it produces.

3. The Motion is untimely under the Court's Scheduling Order and should not be considered in accordance with FED. R. CRIM. P. 12(c).  (*See* Dkt. # 33, at 5-7).

4. "Blanket protective orders tend to be overinclusive and may cover documents that a party would have been required to disclose without a protective order." *United States v. Calderon*, No. 3:15-CR-25 (JCH), 2017 WL 6453344, at *3 (D. Conn. Dec. 1, 2017).  That is precisely the case as to the Order sought by the

Motion, because there are plainly materials that could never be trade secrets that the Government is obligated to produce.

5. "[A] trade secret must be 'secret'. Thus, to qualify as a trade secret the information cannot be generally known by others in the same business nor readily ascertainable by an independent investigation." *Zoecon Indus., a Div. of Zoecon Corp. v. Am. Stockman Tag Co.*, 713 F.2d 1174, 1179 (5th Cir. 1983). And "[t]he fact that [an entity] labels its confidential product profiles as 'confidential' does not elevate these documents to trade secret status." *Nalco Chem. Co. v. Hydro Techs., Inc.*, 149 F.R.D. 686, 692 (E.D. Wis. 1993). Also, "information that has or will quickly become obsolete does not have the independent economic value to be considered a trade secret." *Katch, LLC v. Sweetser*, 143 F. Supp. 3d 854, 868 (D. Minn. 2015).

6. And therein lies the problem with the protective order sought by the Motion. Phillips 66 can unilaterally determine that information—whatever it may be—constitutes a trade secret, irrespective of what it is. It is not required to disclose to Mr. Tan or his counsel anything about how it made that determination. But Mr. Tan and his counsel could be required to destroy the information, as well as any work product they have created about that information, and instruct others to destroy the information. And there is nothing they can do about it. The determination can be totally arbitrary or even retributive, and Mr. Tan and his counsel are without a mechanism to even ask a neutral decisionmaker, such as the Court, to even consider the propriety of the demand.

7.  "For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner." *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). The protective order sought by the Motion provides no opportunity to Mr. Tan to be heard on the issues of whether any material alleged to be "TSI" is in fact a trade secret, and his counsel's obligation to destroy work product is self-executing based upon a process in which neither Mr. Tan nor his counsel have any ability to participate or even know anything about. Whatever can be said of that, it does not comport with due process or fundamental fairness.

8.  As the Court well knows, parties frequently over-designate materials under protective orders. In civil cases, this Court's form protective order provides a common-sense process that provides due process to everyone involved, inasmuch as a party can challenge the designation of materials under a protective order or a demand to destroy and return them. This approach complies with due process and fundamental fairness.

9.  The Government suggests that *United States v. Alderman*, 394 U.S. 165 (1969) supports its quest for this blanket protective order that could be subject to substantial abuse—likely from Phillips 66—that Mr. Tan has no way to challenge. Plainly, that is not so. The quote from *Alderman* suggesting that the trial court should impose a protective order is dicta, and bore no relationship to the holding in

the case related to the defendant's Fourth Amendment rights to obtain all recordings made at his home and on which his voice appeared. Moreover, nothing in the Court's observation about the nature of a protective order suggested that it was approving an order that would apply to all discovery in the case and give a third party complainant the right to direct significant interference into a defendant's trial preparation. *Alderman*, 394 U.S. at 185.

10. The biggest issue with the Motion is that it imposes a process that can interfere with Mr. Tan's trial preparation without him having any ability to challenge determinations unilaterally made by the Government, or more probably, Phillips 66.

11. But the Motion is related to the Government's Motion for Trade Secrets Protective Order, which Mr. Tan is contemporaneously opposing on a number of grounds. These include that there is no *evidence* justifying the issuance of *any* protective order in the record before the Court—a concern equally applicable to this Motion and the Protective Order sought by it, which is but one card in the ill-constructed house of limitations the Government seeks to impose on discovery without any factually or legally adequate basis.

12. The Motion should either be denied or set for evidentiary hearing in accordance with LCrR 47.10, for the Government and/or Phillips 66, as the case may be, to demonstrate that the process sought by the Motion and the Government's Motion for Trade Secrets Protective Order are a proper exercise of the Court's authority under FED. R. CRIM. P. 16.

**WHEREFORE**, Defendant, Hongjin Tan, respectfully requests that the Court:

- Deny the Motion as untimely;

- Deny the Motion as unnecessary on the current record;

- If the Court is inclined to grant any "general" (i.e., blanket) protective order that applies to all discovery in this case, set the Motion for evidentiary hearing so that the issue of good cause can be explored on the record; and

- In no event grant any protective order which does not allow Mr. Tan and his counsel the right to challenge the designations of material as "Trade Secret Information" and to challenge a requirement that Mr. Tan or his counsel destroy materials, including work product, without an opportunity to be heard in advance.

Respectfully submitted,

/s/ Ryan A. Ray
**Ryan A. Ray**, OBA #22281
**NORMAN WOHLGEMUTH CHANDLER JETER BARNETT & RAY, P.C.**
401 S. Boston Ave., Suite 2900
Tulsa OK 74103
Telephone: (918) 583-7571
Facsimile: (918) 584-7846
Email: rar@nwcjlaw.com

**ATTORNEY FOR DEFENDANT, HONGJIN TAN**

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2019, a true and correct copy of the above and foregoing instrument was served via CM-ECF upon the following:

Joel-lyn A. McCormick, Esq.

/s/ Ryan A. Ray
**Ryan A. Ray**