**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 19-CR-00009-GKF |
| | ) |
| **HONGJIN TAN,** | ) |
| **Defendant.** | ) |

## GENERAL PROTECTIVE ORDER

Upon the motion of the United States for a General Protective Order (Dkt. # 29) the Court is advised as to the nature of this case and the type of discovery the government intends to produce. The Court finds that the government must provide grand jury and other investigative materials for purposes of the trial of the above-captioned case that may warrant additional protection beyond the ordinary procedures of Fed. R. Crim. P. 16 due their allegedly being confidential, proprietary, and/or trade-secret information of a local business referred to by the government as Company A. Accordingly, the Court issues this General Protective Order as follows:

The Court finds that a federal Grand Jury returned an Indictment alleging crimes involving the theft, transmission, and possession of trade secrets as defined by 18 U.S.C. § 1839(3).

The Court further finds it is appropriate to issue this General Discovery Protective Order: (1) recognizing the possibility that materials alleged by the government and/or Company A to be confidential, proprietary, or containing Trade Secrets Information (TSI) documents might inadvertently be included in a production or productions of discovery by

the government; and (2) setting forth the procedures to be followed should such inadvertent disclosures be identified by the government.

The government advises that it will seek a separate Trade-Secret-Specific Protective Order pursuant to 18 U.S.C. § 1835 for protection of discovery materials that it alleges contain TSI.

IT IS HEREBY ORDERED by the Court that the parties shall comply with the procedure set out below should the government contend that it has inadvertently produced materials that it contends should have been designated with a higher level of protection because of its and/or Company A's contention that the materials are confidential, proprietary, and/or constitute trade secrets under 18 U.S.C. § 1839(3):

    a.    If the government contends that there has been the inadvertent disclosure of TSI, it shall immediately notify counsel for the defendant;

    b.    Upon such notification, defense counsel shall immediately segregate all copies of such information, and treat the information as subject to any duly entered Trade Secrets Protective Order as may have been entered by the Court;

    c.    Counsel for the defendant shall, within seven (7) days after receiving a request from the government in accordance with paragraph (a) above, certify to the government in writing (which includes email) that counsel has advised all third parties, if any, to whom such information has been provided that such persons should destroy their copies of the TSI information. The government may seek further relief from the Court as to third parties to whom counsel for the defendant has disclosed such information, if it deems it necessary;

    d.  The defendant may, at any time, make a good faith challenge to the propriety of re-designation of information under the terms of this Order. In that event, the defendant's counsel shall consult with the government to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the government, the defendant may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the government has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its re-designation as subject to any Trade Secrets Protective Order. Any documents or other materials that have been re-designated by the Government in accordance with paragraph (a) above shall be treated as subject to any Trade Secrets Protective Order then in effect until such time as the Court rules that such materials should not be so designated;

    e.  If counsel for the defendant agrees with the re-designation or the Court finds that the re-designation was proper, then counsel for the defendant shall destroy the previously produced copies of such information with two (2) business days of the agreement or order, as the case may be; and

    f.  The government shall then re-produce such information to defense counsel pursuant to any Trade Secrets Protective Order entered by the Court.

 IT IS SO ORDERED, this 1st day of March, 2019.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE