IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-00009-GKF |
| | ) | |
| HONGJIN TAN, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SUBPOENAS

The United States of America, by and through its attorneys, R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Joel-lyn A. McCormick, Assistant United States Attorney, submits its response in opposition to Defendant's Motion for Subpoenas (Dkt. 47). In support, the government offers as follows:

## I.
## INTRODUCTION

The defendant is accused of stealing trade secrets in the form of an extremely valuable and difficult to produce battery product ("Product"). Tan was assigned to the Company's battery technology division. However, Tan had no work-related responsibilities relevant to the Product. Tan did not work within the area responsible for research and development of the Product.

The Company nor any of its agents implicitly nor expressly gave Tan authorization to access documents relating to the Product. Forensic analysis shows, Tan accessed multiple documents relating specifically to the Product, which taken collectively provide

vital information about the Product and would result in irreparable harm to the Company if the information in the documents is shared with the Company's competitors.

## II.
## ARGUMENT AND AUTHORITIES

**THE COURT SHOULD DENY DEFENDANT'S REQUESTS NOS. 1, 3, and 4**

"The Supreme Court established long ago that Rule 17(c) was not intended to provide an additional means of discovery." *United States v. Morris,* 287 F. 3d 985, 991 (10th Cir. 2002); *United States v. Hang*, 75 F. 3d 1275, 1283 (8th Cir. 1996)(citing *Bowen Diary v. United States*, 341 U.S. 214, 220 (1951)). The Supreme Court also has made it clear that criminal subpoenas are not to be used as a general fishing expedition. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Rather, a criminal defendant must show that the documents it has requested are identified with adequate specificity, are relevant, and are admissible. *Id*. The requirements of relevance and specificity require more than the title of a document and conjecture as to its contents, and a subpoena should not issue based upon a party's "mere hope" that it will turn up favorable evidence.

In addition, the subpoenaing party also must show that the subpoenaed materials are not available from any other source. *Id*. Finally, even if the defendant is able to satisfy the foregoing requirements, the Court is still authorized to quash a subpoena if compliance would be unreasonable or oppressive. Fed. R. Crim. P. 19(c)(2).

In this case, Tan seeks four separate subpoenas. The government's response to Tan's request is as follows:

**Request No. 1 Seeks:**

All e-mails sent by the Company or an agent of it to Hongjin Tan's Company e-mail which reference access of the LiveLinks database (and/or the Eureka database) and/or posting of new documents to the LiveLink database and/or Eureka database, including without limitation, e-mails sent by Laura Allen Ward during the period June 1, 2017 through December 12, 2018.

Request No. 1 is irrelevant and oppressive. First, this Request fails the requirements of *Nixon* because it is overly broad. Tan is charged with Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(1), Unauthorized Transmission of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(2), and Unauthorized Possession of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(3), as a result of his unauthorized access and uploading of materials related to a Product outside his area of responsibility as described above. It is immaterial whether Tan accessed or was provided information in numerous other areas.

Additionally, this request seeks to cast a broad net over categories of documents presumably with the hope that something useful may turn up. Here, Tan's requests begins with "All e-mails sent by the Company or an agent of it to Hongjin Tan's Company e-mail which reference access of the LiveLinks database…". The Request is for documents generated through LiveLink and Eureka, both of which are document management systems.

Courts routinely reject such broad, sweeping subpoenas. Courts have held that requests for an entire file are evidence of an impermissible fishing expedition. *See, e.g., Morris,* 287 F.3d at 991 (affirming district court's order quashing a subpoena even though the documents appeared to be highly relevant and arguably admissible because the subpoena's reference to "all records, documents, reports telephone logs, etc." surrounding

3

an investigation lacked the requisite specificity); *United States v. Gressett,* 773 F. Supp. 270, 277-78 (D. Kan. 1991) (quashing subpoena for failure to meet the *Nixon* standards because it requested "all records pertaining to Peoples Heritage Savings Associations' financial transactions with [defendant] or any joint venture, partnership or other entity with which [defendant] was associated").

The Request is exactly the type of fishing expedition found improper under *Nixon* and its progeny. *Id. United States v. Burger,* 773 F. Supp. 1419, 1425 (D. Kan. 1991). The Request is overly broad and lacks specificity and is therefore oppressive. The Court should deny Request No. 1.

**Request No. 3 Seeks:**

The documents, which relate to the technical process of manufacturing, accessed by employees at Phillips Lake Charles, Louisiana refinery in the process of manufacturing premium needle cokes during the years 2017 and 2018.

Request No. 3 is irrelevant and improper because it seeks trade secret information beyond what Tan has already stolen. Tan seeks to obtain documents accessed by other employees. What may or may not have been accessed by other employees regardless of their location is immaterial to whether Tan unlawfully accessed documents relating to the Product and committed the crimes charged.

Additionally, Tan's request for these specific documents is oppressive because it seeks core trade secret information. This Request seeks information that would allow Tan to determine additional information about the "technical process" relevant to the Product. The technical process of manufacturing the

Product constitutes trade secret information. The Company goes to great lengths to prevent the public from knowing details about the Product. If armed with the information Tan now seeks through a subpoena, Tan would gather additional proprietary information to add to his arsenal of materials he has focused on collecting about this specific Product. It would be highly oppressive and unreasonable to require the Company to produce additional information regarding the Product to the individual already accused of stealing documents concerning the same Product. The Court should deny Request No. 3.

**Request No. 4 Seeks:**

Documents that the Company contends constitute trade secrets that were wrongly accessed by Hongjin Tan, documents and/or electronic data showing the number of times and by which person those documents were access during the period June 1, 2017 through December 12, 2018.

Request No. 4 is irrelevant and oppressive. Documents and electronic data showing the number of times and by which person the documents were accessed during June 1, 2017 through December 12, 2018, have no relevance to this proceeding. Many courts have stated relevancy is broadly construed, and a request for discovery should be considered relevant if " 'there is any possibility that the information sought may be relevant to the subject matter to the action.' " *Etienne v. Wolverine Tube, Inc.,* 185 F.R.D. 653, 656 (D.Kan.1999) (quoting *Smith v. MCI Telecomm. Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991)). A request for discovery should not be allowed if it is clear that the information sought can have *no possible* bearing on the subject matter of the action." *Snowden v. Connaught Lab.,* 137 F.R.D. 336, 341 (D.Kan.1991)(emphasis added).

Whether other employees with or without authorization accessed documents relevant to the Product over an approximately 18 month period has absolutely no bearing on the fact finder's determination as to whether Tan stole trade secret information about the Product from the Company. The information requested does not come within the scope of relevance or is of such marginal relevance that the potential harm occasioned by allowing the Request would outweigh any presumption in favor of disclosure. The Court should deny Request No. 4.

## III.
## CONCLUSION

Upon review of Requests 1, 3, and 4 the Court should conclude that Tan is seeking discovery and not particularized, relevant evidence. Courts routinely reject such broad, sweeping requests for irrelevant evidence. Requests 1, 3, and 4 are nothing more than a quintessential fishing expedition. Tan is improperly using Rule 17(c) as a discovery tool.

For all of the reasons stated above, the government respectfully requests the Court deny Tan's Requests 1, 3, and 4.

    Respectfully submitted,

    R. TRENT SHORES
    United States Attorney

    */s/ Joel-lyn A. McCormick*
    JOEL-LYN A. McCORMICK, OBA #18240
    Assistant United States Attorney
    110 West 7th Street, Suite 300
    Tulsa, Oklahoma 74119
    (918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ryan A. Ray, Esq.
Rar@nwcjlaw.com
Attorney for Defendant

                                        */s/ Joel-lyn A. McCormick*
                                        Joel-lyn A. McCormick
                                        Assistant United States Attorney