IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-CR-09-GKF |
| | ) | |
| HONGJIN TAN, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF
MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM

Defendant, Hongjin Tan, respectfully submits this reply brief in further support of his Motion for Issuance of Subpoena Duces Tecum (Dkt. # 47) (the "Subpoena Motion").

In its Response to the Subpoena Motion, the Government asserts that neither Phillips 66 "nor any of its agents implicitly [or] expressly gave Tan authorization to access documents relating to" premium coke. (Dkt. # 54, at 1). Elsewhere, the Government has said that the documents on Mr. Tan's flash drive "would allow [Phillips 66's] competitors with the technical knowledge and process to manufacture [premium coke] and would result in total erosion of [Phillips 66's] production of [premium coke]." (Dkt. # 55, at 4). Through the Subpoena Motion, Mr. Tan seeks authorization to subpoena documents that will prove these assertions to be inaccurate.

He is entitled to this information as trial evidence and has demonstrated how each category of requested documents meets the applicable standard. In response,

the Government decries the requests, casting an oft-repeated refrain of "irrelevant," "oppressive," and "unreasonable." But just because the Government says it is so does not make it so. And all of the requests are relevant—in particular to showing that Phillips 66 created an environment in which employees such as Mr. Tan could at least believe there was authorization to access research materials in areas other than that on which they were principally assigned at a given moment. The requests are also all time limited to the time period of Mr. Tan's employment and the allegation of this case.

As Mr. Tan is entitled to compulsory process to obtain the records he seeks, the Subpoena Motion should be granted in its entirety.

<div align="center">REQUEST NO. 1</div>

The Government apparently did not read the request. It does *not* seek "documents generated through LiveLink and Eureka . . . ." (Dkt. # 54, at 3). It seeks e-mails that advised employees that such documents were available to access. These e-mails will demonstrate that Mr. Tan was frequently advised of numerous research papers that could be said to be in an area that he "did not work within," (*see* Dkt. # 54, at 1), but which he was still encouraged to view.

A violation of "18 U.S.C. § 1832 has six elements: (1) the information at issue is a trade secret; (2) the defendants knowingly possessed the trade secrets; (3) the defendants knew the trade secrets were stolen or appropriated, obtained, or converted without authorization; (4) the defendants intended to convert the trade secrets to the economic benefit of anyone other than its owner; (5) the defendants knew the offense

would injure the owner; and (6) the trade secrets were related to a product placed in interstate or foreign commerce. *See United States v. Hanjuan Jin*, 833 F. Supp. 2d 977, 1005 (N.D. Ill. 2012) (summarizing the elements of 18 U.S.C. § 1832)." *Bartlett v. Bartlett*, No. 317CV00037JPGSCW, 2017 WL 5499403, at *5 (S.D. Ill. Nov. 16, 2017). Thus, *knowledge* of a lack of authorization is a required mental state of the accused. "[A]n employee can violate employer-placed limits on accessing information stored on the computer and still have authorization to access that computer." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1135 (9th Cir. 2009).

The e-mails sought by Request No. 1 will go to either show express authorization or that Mr. Tan reasonably believed that he was authorized. Even if Phillips 66 now says that he is wrong, "[i]t is a fundamental tenet of criminal law that an honest mistake of fact negates criminal intent, when a defendant's acts would be lawful if the facts were as he supposed them to be." *United States v. Cook*, 967 F.2d 431, 433 (10th Cir. 1992).

Finally, the Request does not "case a broad net over categories of documents presumably with the hope that something useful may turn up." (Dkt. # 54, at 3). Instead, it seeks e-mails which Mr. Tan believes to be 30 or less. It is not unduly oppressive to require Phillips 66 to produce less than 50 e-mails.

### REQUEST NO. 2

The Government apparently consents to the Subpoena Motion being granted to this extent.

The Government and Phillips 66 are claiming that Mr. Tan viewed files which "would allow [Phillips 66's] competitors with the technical knowledge and process to manufacture [premium coke] and would result in total erosion of [Phillips 66's] production of [premium coke]." (Dkt. # 55, at 4). And they say this would cause Phillips 66 a loss of nearly $2,000,000,000.00. This is wrong, and Mr. Tan is entitled to obtain documents so that he and his experts can demonstrate to the jury that it is wrong.

"[W]hen a Rule 17(c) subpoena is served on a third party, as opposed to the government, the same rationale for limiting the scope of discoverable materials [as when the subpoena is sought to be served directly on the Government] does not apply." *United States v. Nosal*, 291 F.R.D. 403, 407 (N.D. Cal. 2013); *United States v. Tomison*, 969 F. Supp. 587, 593 n.14 (E.D. Cal. 1997) ("The notion that because Rule 16 provides for discovery, Rule 17(c) has no role in the discovery of documents can, of course, only apply to documents in the government's hands; accordingly, Rule 17(c) may well be a proper device for discovering documents in the hands of third parties."). "Because the Rule states only that a court may quash a subpoena 'if compliance would be unreasonable or oppressive,' the judicial gloss that the material sought must be evidentiary—defined as relevant, admissible and specific—may be inappropriate in the context of a defense subpoena of documents from third parties." *United States v. Nachamie*, 91 F.Supp.2d 552, 563 (S.D.N.Y. 2000). For example, strictly applying the evidentiary requirement from *Nixon* to a third-party subpoena

could deny a defendant "the reasonable opportunity to obtain material evidence that could be crucial to that cross-examination" and render his right to confrontation "meaningless." *United States v. Tucker*, 249 F.R.D. 58, 67 (S.D.N.Y. 2008). It is "ironic that a defendant in a breach of contract case can call on the power of the courts to compel third-parties to produce any documents 'reasonably calculated to lead to the discovery of admissible evidence,' while a defendant on trial for his life or liberty does not even have the right to obtain documents 'material to his defense' from those same third-parties." *United States v. Rajaratnam*, 753 F. Supp. 2d 317, 320 (S.D.N.Y. 2011) (internal citation omitted).

There is no legitimate basis to deny this request, especially since all documents produced under it can be designated under the 18 U.S.C. § 1835 Protective Order, which will prohibit use of these materials for any purpose other than litigating this case. The Government has not submitted any actual evidence that production of this information would require a substantial amount of time or effort. And even if the protective order were not adequate (it is), the Response makes no effort to establish that the production of any actual trade secrets under the statutory definition would be required. A conclusory assertion is not sufficient. *United States v. Ashley*, 162 F.R.D. 265, 266 (E.D.N.Y. 1995). "[I]f relevancy and need are shown, the trade secrets should be disclosed, unless they are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981). The Request should be allowed.

As explained above as it relates to Request No. 1, the information sought by this Request is crucial to Mr. Tan's defense, so that he create at least reasonable doubt about whether it is accurate that Phillips 66 research scientists are restricted from accessing materials beyond their specific area of work (which goes directly to the element of knowledge of a lack of authorization). This information, which is by the terms of the request limited only to the documents that Phillips 66 and the Government claim are trade secrets and is further limited to the time frame of Mr. Tan's employment, can show that employees from a range of areas accessed these files, as they were encouraged to do. Those employees can then be subpoenaed to testify at trial as to their actual or believed authorization to do so which was created by Phillips 66's own conduct. This evidence is not irrelevant,[1] though perhaps the Government would like it to be. And while the Government claims that "harm" would result from disclosure of this information, there is not even an attempt to define what that would be. Again, conclusory assertions are insufficient.

**WHEREFORE**, Defendant, Hongjin Tan, respectfully requests that the Court enter an Order authorizing the issuance of the Subpoena attached to the Subpoena Motion and requiring Phillips 66 to produce responsive documents, subject to the 18

---

[1] It is interesting to observe that, in its attempt to frame relevance, the Government relies on cases from the civil discovery context. (Dkt. # 54, at 5). While the Government claims that Mr. Tan may not use a subpoena to obtain discovery in any manner, its invocation of the civil discovery rules is, though perhaps Freudian, consistent with *Rajaratnam* and the other cases cited above which make clear that the Court should not so strictly apply the *Nixon* framework to deny Mr. Tan the ability to obtain crucial materials that he has and can particularly describe.

U.S.C. § 1835 Protective Order as appropriate, within twenty (20) days of the Court's

Order.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Ryan A. Ray
**Ryan A. Ray**, OBA #22281
**NORMAN WOHLGEMUTH CHANDLER**
**JETER BARNETT & RAY, P.C.**
401 S. Boston Ave., Suite 2900
Tulsa OK 74103
Telephone: (918) 583-7571
Facsimile: (918) 584-7846
Email: rar@nwcjlaw.com

**ATTORNEY FOR DEFENDANT,**
**HONGJIN TAN**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2019, a true and correct copy of the above and foregoing instrument was served via CM-ECF upon the following:

Joel-lyn A. McCormick, Esq.

<div style="margin-left:40%">

/s/ Ryan A. Ray
**Ryan A. Ray**

</div>