## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  19-CR-00009-GKF** |
| | ) | |
| **HONGJIN TAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLEA AGREEMENT PURSUANT TO
## FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through R. Trent Shores, United States Attorney for the Northern District of Oklahoma, and Joel-lyn A. McCormick, Assistant United States Attorney, and the defendant, **HONGJIN TAN**, in person and through counsel, Ryan A. Ray, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 1.    Plea

The defendant agrees to enter voluntary pleas of guilty to the following:

**Count One –** Theft of Trade Secret, in violation of 18 U.S.C. § 1832(a)(1);

**Count Two –** Unauthorized Transmission of Trade Secret, in violation of 18 U.S.C. § 1832(a)(2); and

**Count Three –** Unauthorized Possession of Trade Secret, in violation of 18 U.S.C. § 1832(a)(3),

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

Revised 04-23-18

Defendant's Initials

2.      **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.      the right to be indicted if proceeding by Information;

b.      the right to plead not guilty;

c.      the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.      at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.      the defendant has the right to assist in the selection of the jury;

f.      during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.      the defendant has the right to confront and cross-examine witnesses against the defendant;

h.      if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.      if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

j.      if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

k.      at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

By pleading guilty, the defendant will be giving up all of these rights.  By pleading guilty, the defendant understands that the defendant may have to answer questions posed to

2

Revised 04-23-18

Defendant's Initials

defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3.    Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.      The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum, from any Order the Court may enter rejecting this plea agreement, and the defendant will have all appeal rights restored if the Court rejects this plea agreement;

b.      The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.      The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_____

**HONGJIN TAN**

Revised 04-23-18

Defendant's Initials

**4.**     **Departure and Variance Waiver**

In consideration of the promises and concessions made by the United States in this

plea agreement, the defendant knowingly and voluntarily agrees to the following:

a.     the defendant agrees not to request, recommend, or file a motion seeking a
departure from the Guidelines range pursuant to Chapter Four of the Sentencing
Guidelines, except as may be necessary to request that the Court accept this Plea
Agreement; and

b.     the defendant agrees not to request, recommend, or file a motion seeking a
variance below the Guidelines range pursuant to the § 3553(a) factors, except as may be
necessary to request that the Court accept this Plea Agreement.

The defendant's request that the Court impose the low end of the stipulated range
set forth below shall not be a violation of this Paragraph.

**5.**     **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to

request or to receive from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case including, without limitation, any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act of 1974, 5 U.S.C. § 552a.

**6.**     **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded defendant

pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure.  In

other words, after entry of a plea made pursuant to this plea agreement, and in consideration

thereof, the following shall be admissible against the defendant:

a.     A plea of guilty which is later withdrawn or which the defendant seeks to
withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

4

Revised 04-23-18

Defendant's Initials

b.      Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty;

c.      Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 7.      Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 8.      Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines.  The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath,

5

Defendant's Initials

not later than two weeks after the date of this plea agreement.  The defendant understands that, by law, interest accrues on any remaining balance of the debt.

### 9.   Restitution for Offense of Conviction

In accordance with Fed. R. Cri. P 11(c)(1)(C), the parties agree that 18 U.S.C. § 3663A(c)(3)(B) applies to this case; but the parties stipulate that the amount of restitution shall be $150,000.00 payable to Company A as defined.  The defendant understands that restitution is mandatory without regard to the defendant's ability to pay.

### 10.   Restitution not Dischargeable in Bankruptcy

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

### 11.   Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

### 12.   Factual Basis and Elements

The Defendant is charged in Count One with a violation of 18 U.S.C. Section 1832(a)(1).  This law makes it a crime to steal, appropriate without authorization, take or carry away trade secrets.

To find the defendant guilty of this crime you must be convinced that the government has proved beyond a reasonable doubt that:

6

Revised 04-23-18

Defendant's Initials

a.      The defendant knowingly stole, or without authorization appropriated, took, carried away, or concealed, or by fraud, artifice, or deception obtained information;

b.      The defendant knew or believed this information was proprietary and he had no claim to it;

c.      This information was in fact a trade secret;

d.      The defendant intended to convert the trade secret to the economic benefit of anyone other than the owner;

e.      The Defendant knew or intended that the offense would injure the owner of the trade secret; and

f.      The trade secret was related to a product or service used or intended for use in interstate or foreign commerce.

The Defendant is charged in Count Two with a violation of 18 U.S.C. Section 1832(a)(2).  This law makes it a crime to copy, transmit, or destroy a trade secret.

To find the defendant guilty of this crime you must be convinced that the government has proved beyond a reasonable doubt that:

a.      The defendant knowingly, and without authorization, copied, duplicated, sketched, drew, photographed, downloaded, uploaded, altered, destroyed, photocopied, replicated, transmitted, delivered, sent, mailed, communicated, or conveyed information;

b.      The defendant knew or believed this information was proprietary and that he had no claim to it;

c.      The information was, in fact, a trade secret;

d.      The defendant intended to convert the trade secret to the economic benefit of anyone other than the owner;

e.      The defendant knew or intended the offense would injure to owner of the trade secret; and

7

Revised 04-23-18

Defendant's Initials

f.      The trade secret was related to a product or service used or intended for use in interstate or foreign commerce.

The Defendant is charged in Count Three with a violation of 18 U.S.C. Section 1832(a)(3). This law makes it a crime to receive, buy, and possess trade secrets.

To find the defendant guilty of this crime you must be convinced that the government has proved beyond a reasonable doubt that:

a.      The defendant knowingly, received, bought, or possessed information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization;

b.      The defendant knew or believed this information was proprietary and that he had no claim to it;

c.      The information was in fact a trade secret;

d.      The defendant intended to convert the trade secret to the economic benefit of anyone other than the owner of the trade secret;

e.      The defendant knew or intended that the offense would injure the owner of the trade secret; and

f.      The trade secret was related to a product or service used or intended for use in interstate or foreign commerce.

In regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **HONGJIN TAN** admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in the Indictment, and confesses to the Court that the defendant is, in fact, guilty of such crime.

8

Revised 04-23-18

Defendant's Initials

I, HONGJIN TAN, admit that in or about December 2018, in the Northern District of Oklahoma, I knowingly and intentionally copied and downloaded without authorization research and development materials of Company A, which related to products placed in interstate or foreign commerce by Company A.  Specifically, at all times relevant as alleged in the Indictment, I was employed by Company A.   I started working for Company A as an Associate Scientist in June 2017.

Throughout the duration of my employment, I was assigned to work within a group with the primary goal of developing next generation battery technologies for stationary energy storage applications, specifically flow batteries.  Flow batteries can generally be defined as rechargeable batteries that utilize chemical components dissolved in liquids to store energy in the form of chemical potential.

As part of my work on flow batteries, the copying and downloading of research and development materials was not required for my work or authorized by Company A policy.  In fact, the copying and downloading was contrary to Company A policy, of which I had been made aware and agreed to follow.

On December 11th I used a thumb drive to copy certain Company A files, including files identified in the charging documents in this case. Subsequently, on December 12, 2018, at approximately 10:30 a.m., I provided Company A with notice of my resignation.  Later that day, at approximately 3:30 p.m., I contacted my manager to discuss a personal thumb drive that I had in my possession containing intellectual property belonging to Company A.

I further maintained copies of Company A files, including files identified in the charging documents in this case, on a hard drive that I continued to possess until December 20, 2018.

I did not have authority to copy or download files located on the thumb drive or other electronic devices in my possession, at least some of which I acknowledge meet the statutory definition of a trade secret.

I intended to read these files in the future, which could have provided an economic benefit to me, and a disadvantage to Company A, in doing so.  I intended to be able to benefit myself in this way at the time that I copied and downloaded these files, which Company A owned.

9

Defendant's Initials

HONGJIN TAN
Defendant

11/9/2019

Date

### 13.   **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement. The United States is not aware of any other pending or anticipated charges against the defendant at this time.

### 14.   **Dismissal of Remaining Counts**

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

10

Defendant's Initials

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter.  In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

### 15.   <u>Acceptance of Responsibility</u>

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1.  The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor.  The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States.  If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crime to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true,

11

Revised 04-23-18

Defendant's Initials

willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

### 16.   Consent to Removal from the United States

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS).  If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request an expedited removal hearing and to consent to removal.  The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration.   The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal. The parties' intent in this provision is for the defendant to be removed from the United States as promptly as possible following his release from imprisonment and all parties shall cooperate toward that end.

### 17.   Waiver of Rights Related to Removal from the United States

The defendant agrees to waive the defendant's rights to any and all forms of relief from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations.  These rights include, but are not limited to, the

12

Defendant's Initials

ability to apply for the following forms of relief: (a) voluntary departure; (b) asylum; (c) cancellation of removal; (d) withholding or suspension of deportation; and (e) adjustment of status.

### 18. Abandonment of Pending Applications for Relief from Removal

The defendant understands that any application for relief from removal, deportation, or exclusion the defendant filed prior to the completion of this plea agreement shall be deemed abandoned. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the DHS, shall breach this plea agreement.

### 19. The Defendant's Cooperation in Removal Proceedings

The defendant agrees to assist the DHS in the execution of the defendant's removal. Specifically, the defendant agrees to assist the DHS in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of the country or countries to which the defendant's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that the defendant's failure or refusal to assist the DHS in the execution of the defendant's removal shall breach this plea agreement and may subject the defendant to criminal penalties under 8 U.S.C. § 1253.

### 20. Sentence

#### a. Imprisonment

Revised 04-23-18

Defendant's Initials

The defendant acknowledges that under 18 U.S.C. §§ 1832(a)(1), 1832(a)(2), and 1832(a)(3) the maximum statutory sentence is ten (10) imprisonment and a fine of not more than $250,000.00.

### b.   Supervised Release

Additionally, the defendant is aware, if imprisonment is imposed, that the Court shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 3 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a

14

Defendant's Initials

total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

### c.   Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory.  The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a).  The sentence imposed in federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing.  The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the calculation of the sentence. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure.  The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

### 21.   Stipulations

The defendant and the United States stipulate and agree as follows:

a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence within a stipulated guidelines range of 18-24 months, with no fine.  This

15

Defendant's Initials

stipulated range departs from the anticipated guidelines calculation for the violations to which the defendant is pleading guilty.  The parties agreed to this stipulated range based on the defendant's personal characteristics and the nature of the defendant's criminal conduct.   The parties have also considered the fact that this prosecution involves intellectual property and weighed the need to protect the intellectual property.   In light of these facts, 3553(a) factors, the parties agree that a sentence within the stipulated guidelines range would serve the best interest of justice.

b.      The parties agree that the defendant may withdraw his plea of guilty in the event that the Court rejects the plea agreement.

c.      Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

d.      The United States shall not pursue any criminal or civil forfeiture proceedings arising from the allegations set forth in the Indictment, whether in this case or another proceeding.

e.      The parties agree that the amount of restitution in favor of Phillips 66 is $150,000.00.

f.      The parties agree that Counts 1 – 3 merge for purposes of sentencing, and the range specified in Paragraph 21(a) above is a single sentence that resolves all conduct at issue.

16

Revised 04-23-18

Defendant's Initials

## 22.   Limitations

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

## 23.   Breach of Agreement

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein.  Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.  The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

17

Revised 04-23-18

Defendant's Initials

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that HONGJIN

TAN, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's

plea of guilty, the United States may continue to enforce the agreement but will no longer

be bound by any particular provision in this agreement. This provision will not have any

continued vitality if it is determined by the Court that the United States acted in bad faith

to bring about the attempted withdrawal of plea.

**24. <u>Conclusion</u>**

No agreements, representations or understandings have been made between the

parties in this case, other than those which are explicitly set forth in this plea agreement

and the Plea Agreement Supplement that the United States will file in this case (as is

routinely done in every case, even though there may or may not be any additional terms)

and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

R. TRENT SHORES
UNITED STATES ATTORNEY


_____          __11__/_12_/_2019_____
JOEL-LYN A. McCORMICK                      Dated
Assistant United States Attorney


_____          __11_/_9_/_2019_____
RYAN A. RAY                                Dated
Attorney for Defendant


_____          __11_/_9_/_201_9_____
HONGJIN TAN                                Dated
Defendant

18

Revised 04-23-18

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        _11 / 9 / 2019_____
HONGJIN TAN                             Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _11/9/2019_____
RYAN A. RAY                             Dated
Counsel for the Defendant

Revised 04-23-18

19